# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

GEODONALD WRIGHT,

    Petitioner,

v.

WARDEN DOUG WILLIAMS,

    Respondent.

CIVIL ACTION NO.: 5:16-cv-43

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Geodonald Wright ("Wright"), who is currently incarcerated at Smith State Prison in Glennville, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence obtained in the Charlton County, Georgia, Superior Court. (Doc. 1.) Respondent filed an Answer-Response and a Motion to Dismiss. (Docs. 10, 11.) Wright filed a Response to the Motion to Dismiss. (Doc. 21.) For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion, **DISMISS** Wright's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Wright *in forma pauperis* status on appeal and a Certificate of Appealability.

## **BACKGROUND**

After a jury trial in Charlton County Superior Court, Wright was convicted of armed robbery, four counts of kidnapping, five counts of aggravated assault, possession of a firearm during commission of a crime, and two counts of influencing a witness. (Doc. 12-1.) The Georgia Court of Appeals affirmed Wright's convictions on February 6, 2006. Wright v. State,

627 S.E.2d 116 (Ga. Ct. App. 2006). Wright did not petition for certiorari in the Georgia Supreme Court. (Doc. 1, p. 2.)

Wright filed an application for writ of habeas corpus in the Telfair County Superior Court on May 8, 2009. (Doc. 12-2.) The Telfair County Superior Court denied Wright's application by order on February 1, 2011. (Doc. 12-3.) The Georgia Supreme Court dismissed Wright's application for a certificate of probable cause to appeal the denial of his state habeas corpus petition on March 5, 2012. (Doc. 12-4.) Wright executed his Section 2254 Petition on April 20, 2016, and it was filed in this Court on June 2, 2016. (Doc. 1.)

## DISCUSSION

In his Petition, Wright alleges that his trial counsel rendered ineffective assistance because he failed to file an appeal and raised a frivolous claim in the habeas proceeding. (Doc. 1, p. 5.) Additionally, Wright claims that the indictment is jurisdictionally defective. (Id. at p. 8.)

Respondent contends Wright untimely filed his Section 2254 Petition because he did not file it within one year of his Charlton County conviction being "final". (Doc. 11-1, p. 2.) Respondent also argues that Wright is not entitled to equitable tolling of the applicable statute of limitations period. (Id. at pp. 4–5.) Wright filed a Response to the Motion to Dismiss arguing that the Eleventh Circuit Court of Appeals' recent decision in Overstreet v. Warden, 811 F.3d 1283 (11th Cir. 2016), retroactively extended the period in which Wright could timely file a Section 2254 Petition. (Doc. 21, pp. 1–2.)

**I.      Whether Wright Timely Filed his Petition**

A petitioner seeking to file a federal habeas petition has one year within which to file their petition. 28 U.S.C. § 2244(d)(1). The statute of limitations period shall run from the latest of four possible dates:

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Wright's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Wright was sentenced in the Charlton County Superior Court on October 6, 2003. (Doc. 1, p. 1.) On February 6, 2006, the Georgia Court of Appeals affirmed Wright's Charlton County convictions and sentence. (Doc. 1, p. 2; Doc. 12-1.) Wright then had a period of ten (10) days to file a notice of intent to seek certiorari review. Ga. Ct. App. R. 38. Wright did not file a notice of intent, and thus, his conviction was final on February 16, 2006. (Doc. 1, pp. 2–3.) Because Wright's conviction became final on February 16, 2006, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance—i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to Section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

As noted above, Wright's conviction became final on February 16, 2006. He had one year from that date, or until February 16, 2007, to file a 28 U.S.C. § 2254 petition for writ of habeas corpus or a properly filed application for State post-conviction or other collateral review. Wright filed his state habeas corpus petition on May 8, 2009, which was over two years after his conviction became final. By that time, the statute of limitations period applicable to Section 2254 petitions had expired.[1] Consequently, the filing of his state habeas corpus petition did not

---

[1] Wright's claim that his statute of limitations period began on the date of the Eleventh Circuit's decision in Overstreet is without basis. Overstreet did not create a "newly recognized" right that was made "retroactively applicable" by the United States Supreme Court. In fact, Overstreet was not decided by the Supreme Court at all. Accordingly, 28 U.S.C. § 2244(d)(1)(A) governs when Wright's statute of limitations period began to run. To the extent Wright argues that the Georgia Supreme Court's 2008 modification of the test for asportation—discussed by the Eleventh Circuit in Overstreet—creates the "newly recognized" and "retroactively applicable" right, this argument also fails. The modified test was explicitly found to apply only to kidnapping convictions that had not yet been adjudicated on direct

4

toll the federal statute of limitations. On its face, Wright's Petition was filed untimely. However, the Court must now be determined whether the applicable statute of limitations period was equitably tolled.

A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his Section 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, 560 U.S. 631 (2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Wright sets forth no assertion that he is entitled to equitable tolling of the statute of limitations. To be sure, Wright offers no reason why he waited nearly two years after his state court conviction was final to file a state habeas corpus petition. Accordingly, Wright has not met his burden establishing his entitlement to equitable tolling.

For all of these reasons, the Court should **GRANT** Respondent's Motion to Dismiss and **DISMISS** Wright's Petition as untimely filed.

## II. Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Wright leave to appeal *in forma pauperis* and deny him a Certificate of Appealability ("COA"). Though Wright has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.

---

appeal. See Kollie v. State, 301 S.E.2d 869, 874 (Ga. Ct. App. 2009). Wright's conviction had already been finalized as of 2006.

5

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court <u>must</u> issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); <u>see also</u> Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. <u>Busch v. Cty. of Volusia</u>, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002); <u>see also</u> <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional

6

claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Wright's Petition and Respondent's Motion and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Wright *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 11), **DISMISS** Wright's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, (doc. 1), and **DIRECT** the Clerk of Court to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Wright leave to proceed *in forma pauperis* and a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later

challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 8th day of May, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA